## TITLE GUARANTEE AND TRUST COMPANY

*v.*

## EMILY B. GOELLER et al.

[Decided June 19th, 1922.]

1. Neither the purchaser at a judicial sale, nor his assignee, can be arbitrarily deprived, by the officer who conducts such sale, of a fixed and definite legal right which the law vests in the former as such purchaser.

2. The act of April 8th, 1919 (*P. L. 1919 p. 118*), providing for the apportionment of current annual taxes between the seller and purchaser of real estate, does not apply to judicial sales.

On appeal from an order in chancery.

*Mr. Harlan Besson,* for the appellant.

*Mr. Frederick K. Hopkins,* for the respondent.

GUMMERE, CHIEF JUSTICE.

A bill for partition having been filed, and an actual division of the lands between the several tenants in common not being feasible, a decree for their sale was made, directed to one of the special masters of the court of chancery. The premises were offered for sale at public auction in due course, and, one Charles Barbash being the highest bidder, they were struck off to him for the sum of $56,000. Before the time fixed for the delivery of the deed arrived Barbash assigned his bid to the Serbarkis Realty Company, and a deed was executed and delivered to the assignee by the special master. At the time of the delivery of the deed, June 3d, 1921, the grantee claimed that there should be deducted from the purchase-money one-half of the current taxes for that year, basing its alleged right to such deduction upon chapter 67 of the laws of 1919. *P. L. 1919 p. 118.* The special master refused to recognize the validity of

this claim, and insisted upon the payment of the whole amount of the bid as a prerequisite to the delivery of the deed. After some discussion between him and the president of the realty company, the latter agreed to pay the purchase price and accept delivery of the deed under protest. The special master refused to close the transaction unless the realty company accepted the deed and paid the amount of the bid unconditionally. The president of the company thereupon paid the purchase price and accepted delivery of the deed. Thereafter, and before the distribution of the purchase-money, the realty company applied to the chancellor for an order compelling the special master to refund to it so much of the purchase-money as represented the one-half of the current taxes for the year 1921. Upon the hearing of the matter it was considered by the court that the statute of 1919 did not entitle the purchaser to the deduction asked for, and the application was denied. The present appeal is from the order of denial.

At the threshold of the inquiry here we are met with the contention of the counsel for respondent that the appellant, by accepting the deed and paying the full amount of the purchase-money as a condition precedent to its delivery, estopped itself from any right to the relief now sought, the theory of the contention being that under the conditions exhibited, the payment of the whole amount of the purchase-money was voluntary. We consider this contention unsound. A purchaser at an official sale becomes invested with fixed and definite legal rights, of which he cannot be arbitrarily deprived by the officer who conducted the sale. *Chamberlain* v. *Larned, 32 N. J. Eq. 295.* And this right of the purchaser passes to his assignee by virtue of the assignment. It follows, therefore, that, if the claim of the realty company to have deducted from the purchase price the one-half of the taxes assessed upon the premises for the year 1921 was sound—that is to say, that it had a fixed and definite legal right to have this deduction made—the refusal of the special master to recognize that right, and his enforcing the payment of the whole amount of the purchase-money as a condition precedent to the delivery of the deed, could not operate to destroy that right, nor was the compulsory payment a

waiver thereof. Reaching this conclusion, we pass to a consideration of the soundness of the appellant's contention.

The statute upon which it rests its claim declares that:

"Upon the sale and transfer, for a valuable consideration, of any real estate in this state, unless otherwise provided in a written agreement between the seller and purchaser, or unless otherwise expressly stipulated in the deed of conveyance, the seller shall be liable for the payment of such proportion of the taxes for the current year upon the property to be conveyed as the time between the first day of January previous and the date of the delivery of the deed by the seller to the purchaser bears to a full calendar year. * * * The liability of the seller herein provided shall exist only between him, his heirs, executors, administrators and assigns, and the purchaser and his heirs, executors, administrators and assigns," &c., &c.

We do not stop to consider whether a vendee has a right under this statutory provision to extinguish the vendor's liability, against the will of the latter, by withholding part of the purchase-money for that purpose, preferring to rest our conclusion upon a more fundamental basis. It seems clear to us that the legislature in the enactment of this statute did not intend that it should embrace within its scope judicial sales. The liability of the seller rests not only upon himself, but also upon his heirs, executors, administrators and assigns. If the theory of the appellant is sound, then the special master who made the sale which is the subject-matter of the appeal is personally liable for the payment of a proportionate part of the taxes, and that liability continues against his heirs, executors, administrators and assigns. Such a purpose on the part of the legislature is not to be attributed to it unless it is made clear by the very language of the statute. To give it this scope is to impose a personal liability upon every judicial officer who executes the mandate of a court by making sale of real estate either under an execution or under an order for sale. Counsel for appellant argues that, if it be considered that it was not the purpose of the legislature to impose this personal obligation upon the officer making the sale, then it should be held to rest upon those whom he represents in making it; that is, upon the party to the litigation for whose benefit it is made. The conclusive answer to this contention is that such public officer is a representative of the court whose judgment or decree he

executes, and is in no sense an agent or representative of the parties to a litigation. He is not selected by them; he cannot be discharged by them; nor is he subject to their control in the performance of his duties. They cannot even protect themselves against his miscarriages, but must apply to the court whose appointee he is for relief against them. *Chamberlain* v. *Larned, supra, 302.*

Reaching the conclusion that the statute appealed to has no application to mandatory sales of real estate, made in pursuance of a judgment at law or a decree or order in chancery, the order under review will be affirmed for that reason.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.