TOWNSHIP OF RARITAN, PLAINTIFF, v.
JOSEPH ROTANTE, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided October 3, 1966.

320

*Mr. Alfred T. Hennessy, Jr.,* attorney for plaintiff.

*Mr. Rocco F. Senna,* attorney for defendant, Anthony Pedicine.

Horn, J. S. C. This is a motion to open a final judgment entered in favor of plaintiff Township of Raritan (township) pursuant to the *In Rem* Tax Foreclosure Act, *N. J. S. A.* 54:5–104.29 *et seq.* and to permit redemption. The judgment is claimed to be invalid because of alleged fraud on the part of certain township officials and because of alleged lack of jurisdiction in the court.

The following history is derived directly or inferentially from the moving papers of Anthony Pedecine (defendant). On April 4, 1952 defendant purchased from township at public sale an assignment of tax sale certificate No. 276 bearing date December 21, 1935, which had been originally sold to township, covering lots 7 and 10, block 32A, as shown on the applicable tax maps. The price paid by defendant included all taxes due on said certificate to April 1, 1952, together with interest and costs. He caused the assignment to be recorded August 6, 1956. By virtue of *N. J. S. A.* 54:5–114.4 defendant was required to record a judgment of foreclosure within two years from the date of the confirmation of the sale by the governing body or within such time to which same might have been extended. *N. J. S. A.* 54:5–114.5. The township extended the time to March 21, 1957, but still no such judgment was recorded.

Defendant continued to pay taxes on the lots through the year 1960 and continued to be billed for said taxes through 1962. He also occupied the premises during this time.

Apparently upon the realization that his interest in the land under the assignment was extinguished (*N. J. S. A.* 54:5–114.5) he sought a method of acquiring the title. Consequently, in 1961 he consulted with the tax collector and mayor of the township. They advised him that they would place the tax certificate for the year 1962 on sale in due course and would advise him of the date of the sale.

Defendant says that he deliberately failed to pay the taxes after 1960 in reliance upon the representations thus made.

Contrary to the promises made by the township officials, he was not advised of the sale of the certificate nor was a new certificate issued. Instead, the township commenced the instant action December 11, 1963 against the subject premises without notice to defendant. Final judgment was entered November 18, 1964.

On May 19, 1966 defendant filed this motion after endeavoring without success to purchase the lots in question from the township or to "redeem" from the effect of the judgment.

The township has filed no answering affidavits. It apparently does not dispute the factual contentions of defendant. It argues two points. First, that defendant has no status or standing which warrants his securing the relief he seeks. Second, he is out of time in his application.

The complaint shows that the township foreclosed on exactly the same tax sale certificate that was previously assigned by it to defendant. It maintains that by virtue of *N. J. S. A.* 54:5–114.4 and 114.5 defendant's right, title and interest in the certificate reverted to the municipality after March 21, 1957 since he failed to record the judgment of foreclosure.

The township relies on *Cannici v. Scott*, 20 *N. J. Super*. 97 (*Ch. Div.* 1952), which determined that pursuant to the statutes last above referred to, upon the failure of the assignee from a municipality of a tax sale certificate to record a judgment of foreclosure within the time permitted, he had no interest in the property sufficient to give him the standing to secure the opening of a final judgment of foreclosure. It was also decided in that case that the fact the assignee was in possession of the land gave him no basis to redeem from the foreclosure. Specifically, the court held that an occupant of land within the meaning of *N. J. S.* 54:5–54 referred only to one having a lawful right or interest in the land.

Defendant cites *Realty Sales Corp. v. Payne*, 76 *N. J. Super*. 59 (*Ch. Div.* 1962), affirmed 78 *N. J. Super*. 504 (*App. Div.* 1963), as authority for his claimed right to open the

judgment and to redeem. In that case the court held that a tax sale certificate holder had the right to redeem as against the holder of a subsequently issued tax sale certificate until the right of redemption had been properly extinguished. Defendant emphasizes that in *Realty Sales Corp., supra,* the holder of the first certificate had sufficient interest to redeem although he had held the tax certificate for 11 years without foreclosing.

*Realty Sales Corp.* is distinguishable. It did not deal with *N. J. S. A.* 54:5–114.1 *et seq.,* for the plaintiff therein was not, as in the case at bar, an assignee of a tax sale certificate from a municipality. It was the original purchaser thereof.

Certain rights of an original non-municipal purchaser of a tax sale certificate are set forth in *R. S.* 54:5–77 *et seq.* Those rights are markedly different from those of one who takes as an assignee from a municipality under *N. J. S. A.* 54:5–114.1 *et seq. Dvorkin v. Dover Tp.,* 29 *N. J.* 303 (1959). Municipal liens, and the rights arising therefrom, are solely statutory in origin and are fixed and determined by the statute. *Dvorkin v. Dover Tp.* and *Cannici v. Scott, supra; Absecon Land Co. v. Keernes,* 101 *N. J. Eq.* 227 (*E. & A.* 1927).

"* * * the assignee of the municipally held tax sale certificate under *N. J. S. A.* 54:5–114.2 receives a more qualified and less valuable right than the original purchaser, for instance, the fact that in the former instance foreclosure must be within two years * * *." *Dvorkin v. Dover Tp., supra,* at *p.* 317.

The case at bar raises the question of whether the court should open an *in rem* foreclosure judgment because of fraud allegedly perpetrated against defendant by the officials of the foreclosing municipality, under circumstances where his interest in the tax sale certificate had already reverted to the municipality and where his possession of the land is without the quality which would support a right to redeem.

This question must be answered negatively, because even assuming the misrepresentations were made, they could not create a right to redeem where there was no such right before.

If defendant had no right to redeem before the foreclosure by the municipality or before the statements attributed to the municipal officials, such statements could not confer a right. As already stated, rights arising from municipal liens are fixed and determined by statute. Misrepresentations by municipal officials could possibly extend a right to redeem under proper circumstances but will not supersede statutory direction in creating a new right.

Defendant claims that his occupancy was an interest in the subject lots which he protected by continuing to pay taxes after 1957 when the title to the tax sale certificate reverted to the township. However *Cannici v. Scott, supra,* answers this contrary to defendant's contention. In addition, non-municipal holders of tax title certificates have not had the right of possession by virtue of their certificates since 1929. *Diamonde v. Berkeley Township,* 142 *N. J. Eq.* 140 (*Ch.* 1948); *Taylor v. Borgfeld,* 139 *N. J. Eq.* 177 (*Ch.* 1947); *Forster v. Davenport,* 128 *N. J. Eq.* 385 (*Ch.* 1940).

Notwithstanding defendant's occupancy of the land, the township had the right to foreclose the previously assigned certificate which had reverted to it because of defendant's failure to record a foreclosure judgment.

*N. J. S. A.* 54:5–114.6 provides that in the case of reverter of the assignee's right, title and interest under *N. J. S. A.* 54:5–114.5, the moneys paid by the purchaser are neither to be refunded nor to be credited to the owner of the land.

Defendant argues that the township officials engaged in inequitable conduct in lulling him into a sense of security by accepting taxes through the year 1960 and billing him for said taxes as assignee. This argument is not tenable. During the five ensuing years when he had the right to perfect his title defendant knew or should have known what the consequences of his failure would be. And he knew or should have known, when the alleged statements were made to him, that he had no legal interest in the land.

Nor can defendant be heard to complain that the township officials dealt inequitably in failing to advise him of their right to extend to him additional time to foreclose and record a foreclosure judgment.

The statements made to him in 1961 in no sense caused defendant to lose a right which he had. He had had no rights in the land for approximately four years. These statements created no more of an obligation to plaintiff than if the municipal officials instead had promised to sell him the land after the foreclosure was completed.

Finally, defendant argues that he had instituted a foreclosure suit which was not completed due to no fault of his own. However, the details of the failure to foreclose are not set forth in any of the moving papers and there is no claim that the failure was the fault of the township or its personnel.

Ordinarily, one who seeks to open a judgment must show he has a meritorious defense, or in a case such as this, a right to redeem. *State by State Highway Com'r. v. Speare*, 86 *N. J. Super*. 565 (*App. Div.* 1965), certification denied 45 *N. J.* 589 (1965); *Hodgson v. Applegate*, 55 *N. J. Super*. 1 (*App. Div.* 1959), affirmed 31 *N. J.* 29 (1959); *Brown v. Carpenter*, 109 *N. J. Eq*. 208 (*E. & A.* 1931); *Welles v. Schaffer*, 98 *N. J. Eq*. 31 (*Ch.* 1925). See also *N. J. S. A.* 54:5–104.31.

In view of the court's conclusions that defendant is not entitled to any relief, none of the other questions need to be determined.

An order denying defendant's motion will be entered either on notice or with the consent of defendant as to the form thereof.