LARIO, J.T.C.
The question raised by this appeal is whether a purchaser of a municipal real estate tax-sale certificate, who has instituted foreclosure proceedings, but has not received final judgment, has standing to challenge the property’s assessment by a petition of appeal to the county board of taxation. Since all the material facts are not in dispute, both parties have moved for summary judgment. Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954).
On October 15, 1986 Northfield offered for sale a tax-sale certificate for delinquent taxes for the tax year 1985 on the subject property identified on its tax map as Block 16.01, Lot 42. Marsha Zell was the successful bidder for the sum of $4,624 calculated at $3,853.23 taxes, $680.10 interest, and costs of $90.67. After the sale Northfield sent the annual tax bills to Zell who paid the real estate taxes on the subject property for the years 1986, 1987, 1988, 1989 and the first half of 1990.
On July 17, 1989, Zell served written notice upon the legal owners of the property advising them that proceedings would be instituted to foreclose the tax-sale certificate and of the amount due Zell to redeem the certificate. On November 1, 1989, Zell filed an amended complaint in the Superior Court of New Jersey, Chancery Division, seeking to foreclose the owners’ right of redemption.
On August 8, 1990, Zell filed a petition of appeal with the Atlantic County Board of Taxation, seeking a reduction of the property’s 1990 tax assessment which was: land, $253,800; improvements, 0; total, $253,800. After hearing, the board entered judgment reducing the original land assessment of $253,800 to $68,000. The taxing district appealed this judgment by the filing of a complaint with this court wherein it challenges Zell’s standing to prosecute a reduction of the subject property’s assessment.
*182 The pleadings disclose also that on October 1, 1989, the assessing date involved, and on the date when the petition of appeal was heard by the county board, Zell had not received a deed of conveyance for the subject property; nor, in fact, had she received legal title as of the hearing date herein.
Appeals for relief from local real property tax assessments are permitted to be taken to county boards of taxation by N.J.S.A. 54:3-21 which, in pertinent part, provides: “A taxpayer feeling aggrieved by the assessed valuation of his [real] property ... may on or before August 15, appeal to the county board of taxation by filing with it a petition of appeal.” The taxing district urges that Zell was not an “aggrieved taxpayer” within the meaning of the statute nor was Zell’s appeal from the assessor’s valuation an appeal of “his property” for the following reasons:
1. Zell was not the title owner of the property at the time of the assessment on October 1, 1989.
2. Zell was not the title owner on either the date that the Atlantic County Board of Taxation heard this matter or when it entered its memorandum of judgment.
3. As of the date of this court’s hearing, no final judgment of foreclosure has been entered.
4. The title owner was not a party plaintiff; Zell was not acting as agent for the title owner; and, the title owner was not named nor served as a party in these proceedings.
Zell responds that she is a taxpayer within the meaning of the statute in question by reason of the recent decisions of Ewing Tp. v. Mercer Paper Tube Corp., 8 N.J.Tax 84 (Tax Ct.1985) and Village Supermarkets, Inc. v. West Orange Tp. 106 N.J. 628, 525 A.2d 323 (1987), which she alleges expanded the definition of “taxpayer” to include someone other than the owner and, just as there were compelling reasons to include the net lessee in Village Supermarkets within the definition of “taxpayer,” there also exist compelling reasons to confer standing to appeal to a tax-sale certificate holder who has paid subsequent taxes. Zell claims that because N.J.S.A. 54:5-86 et seq., requires the holder of a tax-lien certificate to pay all subsequent taxes accruing on the tax-lien property prior to the commencement of any foreclosure, and pursuant thereto she *183 paid all taxes due subsequent to the purchase of the certificate, this is a compelling reason to include her as an aggrieved taxpayer entitled to appeal this assessment
In Village Supermarkets, the Supreme Court interpreted the language, “aggrieved taxpayers given the right to appeal tax assessments” to encompass a net lessee of a portion of a shopping center, “depending upon the relative circumstances of the parties and their economic interests,” and further held, that such an appeal can be brought in the owner’s name by the tenant with notice to the owner. In the Ewing decision, this court held that the Legislature intended to include within this class of “aggrieved taxpayers” any lessee of a free standing building on a single parcel whose lease covers the full tax year and requires the tenant to pay the full taxes assessed; and because of the risk of increased assessment, it further directed that the owner is to be named as a necessary party. The above cases are clearly distinguishable from the instant matter. Here, the party seeking the right to appeal is not a tenant of the owner nor does she have any contractual relationship with the title owner relative to the subject property. Instead, she is the purchaser of a tax-sale certificate, a lien on the property sold for delinquent taxes. Unlike a tenant, there is no contractual obligation between the holder of a tax-sale certificate and the owner of the property to pay taxes.
The relationship between a holder of a tax-sale certificate and an owner is more akin to that of a money-judgment creditor and a debtor who owns real estate. In New Jersey, by statute, a docketed judgment gives the creditor a lien on real property owned by the debtor. N.J.S.A. 2A:17-17, :16-18. However, this interest is subordinate to real estate taxes due. Title Guaranty & Trust Co. v. Goeller, 93 N.J.Eq. 612, 117 A. 831 (E. & A.1922). If the judgment creditor voluntarily pays the taxes prior to judicial sale, does he have sufficient interest in the property to maintain a tax appeal? It is questionable whether the Legislature intended to grant every person who has an interest in real property, however slight, and voluntarily pays the taxes, the right to appeal as an “aggrieved taxpayer.”
*184 It is firmly established that municipal liens, and the rights arising therefrom, are solely statutory in origin and are fixed and determined by the statute creating them. Dvorkin v. Dover Tp., 29 N.J. 303, 319, 148 A.2d 793 (1959); Brewer v. Porch, 53 N.J. 167, 173, 249 A.2d 388 (1960). The respective rights of the holder of a municipal tax-sale certificate arise solely out of, and are fixed and determined by, the Tax Sale Revision Act of 1918, N.J.S.A. 54:5-1 et seq., now known as the “tax sale law.” Nelson v. Naumowicz, 1 N.J. 300, 302, 63 A.2d 269 (1949). Under the tax sale law, a municipality’s tax collector is empowered to enforce liens for unpaid taxes by sale of its lien evidenced by a tax-sale certificate. N.J.S.A. 54:5-19 et seq. The purchaser of a tax-sale certificate acquires only a tax lien, not title to the property. It gives the purchaser an inchoate right or interest in the property sold subject to a statutory right of redemption. As described in Bron v. Weintraub, 79 N.J.Super. 106, 190 A.2d 680 (App.Div.1963), rev’d on other grounds 42 N.J. 87, 199 A.2d 625 (1964):
A tax sale certificate is not an absolute conveyance, since it creates nothing more than a lien on the premises sold. Nor does the tax sale divest the property owner of title. It merely gives the tax sale purchaser an inchoate right or interest, subject to a statutory right of redemption. The owner of the property is barred and divested of title only by a statutory proceeding or by a strict foreclosure as provided by N.J.S.A. 54:5-19; 54:5-86.1, -86.2, and -86.3; 54:5-87. [79 N.J.Super. at 111-112, 190 A.2d 680].
This principle was repeated in Raritan Tp. v. Rotante, 92 N.J.Super. 319, 323, 223 A.2d 286 (Ch.Div.1966), Manning v. Kasdin, 97 N.J.Super. 406, 417, 235 A.2d 219 (App.Div.1967) and, as reiterated in Gasorek v. Gruber, 126 N.J.Super. 511, 315 A.2d 706 (App.Div.1974):
A tax sale certificate does not operate to give the purchaser thereof title to the land and does not divest the tax delinquent owners of their title. It merely vests the purchaser of the tax sale certificate with inchoate right or interest and gives him the right to proceed to foreclose the equity of redemption pursuant to the established statutory scheme. Clark v. Jersey City, 8 N.J.Super. 33, 37 [73 A.2d 197] (App.Div.1950). Municipal liens are statutory in origin and rights arising therefrom are fixed and determined by the statute creating them. Brewer v. Porch 53 N.J. 167, 173 [249 A.2d 388] (1969). [126 N.J.Super. at 515, 315 A.2d 706]
*185 In Brewer v. Porch, supra, our Supreme Court held that the private owner of a tax-sale certificate was not entitled to possession of the property covered by the certificate. The basis for its conclusion was “Since the rights arising under a tax sale certificate are ‘solely statutory in origin and are fixed and determined by the statute’, in the absence of affirmative statutory grant, the holder of a tax sale certificate has no such right. ” 53 N.J. at 178, 249 A.2d 388; emphasis supplied. This rationale has been followed consistently by our courts. Id. at 179, 249 A.2d 388. The holder of a tax-sale certificate has only such rights as are conferred by statutes in force at the time of purchase of the certificate. Taylor v. Borgfeld, 139 N.J.Eq. 177, 50 A.2d 654 (Ch.1947). See also Kahn Pension Plan v. Moorestown Tp., 243 N.J.Super. 328, 335, 579 A.2d 366 (Law.Div.1990) (A private owner of a tax-sale certificate does not have the right to inspect the property for the purpose of determining its physical condition); Morvay v. Gressman, 29 N.J.Super. 508,103 A.2d 22 (App.Div.1954) (Purchaser of a tax-sale certificate has no possessory right; his entrance into possession during the redemption period amounted to a trespass and he was not entitled to reimbursement for any repairs or improvements made during such period); Introductory Statement to L. 1979, c. 142, codified at N.J.S.A. 54:5-39 (prior to foreclosure of the equity of redemption the purchaser has no right to the rents, issues or profits therefrom). The rights of a purchaser at a tax sale are statutory rather than equitable. 85 C.J.S., Taxation, § 1143 at 896.
Consequently, to be determined is whether there is any statutory authority for a holder of a tax-sale certificate to appeal the assessment of the tax delinquent lands. Certain rights of an original non-municipal purchaser of a tax-sale certificate are set forth in N.J.S.A. 54:5-77 et seq. Raritan Tp. v. Rotante, 92 N.J.Super., 319, 323, 223 A.2d 286 (Ch.Div.1966). Neither in that section nor any other portion of the tax-sale law is there any provision affirmatively authorizing a holder of a tax-sale certificate to institute a tax appeal. Therefore, there is no affirmative statutory grant.
*186 Next to be addressed is whether there is an implied right or a compelling reason to confer standing to appeal to Zell because of her payment of subsequent taxes. Contrary to Zell’s assertion, the tax-sale law does not require the holder of a tax-lien certificate to pay all subsequent taxes. N.J.S.A. 54:5-39 directs:
When a parcel of land is held by a purchaser under a sale not redeemed, until the right of redemption is barred, all subsequent taxes, assessments for benefits and other municipal charges shall be assessed in the name of the owner, as if no sale had been made.
And, N.J.S.A. 54:5-99 further directs:
No foreclosure judgment shall be entered, except in cases where a municipality is the plaintiff unless evidence is produced in the foreclosure action that all subsequent municipal liens have been paid to the time of the commencement of the action.
Accordingly, after sale of a tax lien, subsequent taxes are assessed in the name of the owners and not the lien holder; only in the event that the holder voluntarily seeks a final foreclosure judgment must he produce evidence that the unpaid taxes to the date of the commencement of the action have been paid. It is concluded that N.J.S.A. 54:5-86, and the sections following do not give rise to an implied right to file an appeal.
Next for consideration are the respective equities of the owner and holder and the litigation problems that may be created. Sections 54:4-77 thru -84 of the tax-sale law bar redemption by “notice to redeem and proceedings subsequent thereto in accordance with the provisions of this act.” N.J.S.A. 54:5-54 directs that “until the right to redeem has been cut off in the manner in this chapter set forth, the owner may redeem the property by paying to the collector, for the use of the purchaser, the amount required for redemption.” Because of the risk of an increased assessment imposed by N.J.S.A. 54:3-22(c) and N.J.S.A. 54:51A-6[1], if an appeal were permitted, *187 should a holder of a tax-sale certificate be permitted to cause a possible increase in taxes that a financially burdened owner would be required to pay to redeem his property? “New Jersey courts have repeatedly held that the sale of land for nonpayment of taxes is such an extreme interference with private property that the law guards the rights of the owner with the utmost care.” 13A NJ.Practice (Abstracts and Titles) § 1401 at 32. Unless the purchaser of a tax-sale certificate has the specific statutory authority to add this possible burden upon an owner, this power may not be presumed.
In the absence of special legislation to the contrary, a purchaser of a tax sale of land comes within the rule of caveat emptor. 85 C.J.S., Taxation, § 905(b). At the time of sale, all prospective purchasers are charged with notice of the statutory provisions relating to subsequent taxes. Nevertheless, a purchaser is speculating that he will receive a return of his investment at a high rate of interest, or, eventually, he may secure legal title. Any adverse impact that he may sustain by reason of future unpaid taxes is not the basis for equitable relief or a “compelling reason” to expand the right to appeal to a holder. As stated in Kahn Pension Plan v. Moorestown Tp., supra:
Purchasers of tax sale certificates in New Jersey buy at their own risk. [243 N.J.Super. at 336, 579 A.2d 366]
The fact is that buyers of tax liens, frequently bargain hunters, are expected to buy a pig in a poke. The law does not provide them with warranties or guarantees or special protection of any kind. Caveat emptor is the rule. [Id. at 339, 579 A.2d 366]
Additionally, to be considered is the effect that tax appeals by holders of tax-sale certificates would have upon the orderly *188 scheme of the tax-sale law. In the present case, it is noted that the amount certified by the tax collector to redeem includes payment by Zell of the first-half taxes for the tax year 1990. This portion of the 1990 taxes is the amount calculated on the original assessment under appeal and not the reduced amount as reflected by the county board judgment. In the event it is determined that the holder of the tax-sale certificate has standing to pursue this appeal and the county board’s judgment of reduction is sustained, is the certification for redemption nullified? If not, how much is the owner required to pay to the collector—the amount contained in Zell’s original notice, or, is Zell required to serve an amended notice of amount due to redeem? Also, is Zell entitled to tack on to the amount due her the tax appeal’s court costs and attorneys’ fees incurred?
Further, if a purchaser’s tax appeal is not finally concluded for several years by reason of appeals to the Tax Court, Appellate Division and, possibly, to our Supreme Court, what effect does this have on the tax-sale law’s scheme for time for redemption and the entry of final judgment? The tax-sale law prescribes a carefully structured procedural framework to bar an owner’s right to redemption and to divest him of title to his property; it requires strict adherence to the statutory plan which does not include a provision for tax appeals.
By reason of the potential increase in taxes on a financially burdened owner and the procedural litigation problems imposed, I conclude that the Legislature did not impliedly grant to a holder of a tax-sale certificate the right to appeal the property’s assessment, nor does there exist any compelling reason for this court to do so.
Since the tax-sale law does not affirmatively grant to the holder of a tax-sale certificate the right to contest the tax assessment of the property upon which the tax-sale certificate is a lien, Zell does not have standing to pursue an appeal contesting the assessment on the subject property for the tax year 1990.
*189 Summary judgment is granted reversing the county board judgment and restoring the original assessment.

N.J.S.A. 54:3-22(c) and N.J.S.A. 54:51A-6, applicable to county boards of taxation and the New Jersey Tax Court respectively, provide, in substance, when the ratio of the appealed property's assessment to its true value exceeds the upper limit or falls below the lower limit of the common level range, the county board or Tax Court must enter judgment revising the assessment by *187 applying the average ratio to the property’s true value. Accordingly, a tax assessment may be increased even if a counterclaim has not been filed. Weyerhaeuser Co. v. Closter Boro., 190 N.J.Super. 528, 464 A.2d 1156 (App.Div.1983); Hackensack Water Co. v. Woodcliff Lake Boro., 9 N.J.Tax 545 (Tax Ct.1988).