DeALMEIDA, P.J.T.C.
This is the court’s opinion with respect to the municipality’s motion to dismiss the Complaint for want of jurisdiction because plaintiff, the court-appointed rent receiver for the subject property, is not a “taxpayer ... aggrieved by the assessed valuation of the taxpayer’s property” within the meaning of N.J.S.A. 54:3-21 and lacks standing to challenge the tax year 2014 assessment on the subject property. For the reasons explained more fully below, *85 defendant’s motion is denied. The court concludes that plaintiff has a sufficient interest in the subject property to invoke the jurisdiction of this court to review the assessment.
I. Findings of Fact and Procedural History
The court makes the following findings of fact based on the submissions of the parties on defendant’s motion. R. 1:7-4.
The property that is the subject of this appeal is located in Evesham Township, Burlington County. The property, an 88,793-square-foot commercial building, is designated in the records of the municipality as Block 5, Lot 2.01. Commonly known as 401 Route 73 North — 40 Lake Center, the property was assessed at a total of $11,809,500 for tax year 2014.
The subject property is owned by thirty limited liability companies as tenants in common. In 2006, the owners executed a promissory note to evidence a $14,830,000 loan from a bank. To secure repayment of the note the owners executed a mortgage, security agreement and fixture filing in favor of the bank. These documents had the effect of conveying the land in fee simple to the bank on condition that such conveyance would be void in the event payment was made by the owners in accordance with the promissory note. In connection with the loan, the owners also executed an assignment of leases and rents to the bank in the event of default.
The owners of the subject property failed to make all required payments under the promissory note. As a result, on March 22, 2013, a successor in interest to the bank initiated a foreclosure action through the filing of a Verified Complaint in the Superior Court, Burlington County. The mortgagee alleged that the owners of the property were in default on the promissory note as of August 11, 2012.
The Verified Complaint includes the allegation that the bank was in possession of the subject property as of the August 11, 2012 default and that during the course of the foreclosure action the mortgagee “may be obligated to make advances for the payment of taxes or other necessary expenses to preserve the security of the Mortgaged Property.” The Fourth Count of the Verified *86 Complaint alleges that the owners of the property “absolutely and irrevocably mortgaged, granted, bargained, sold, conveyed, transferred, pledged, set over and assigned” to the mortgagee all rights in and to rents generated by the subject property. To assist in effectuating this right, the mortgagee requested the appointment of a rent receiver “to preserve the Mortgaged Property and to ensure that the Rents rightfully due and owing are collected and/or turned over to” the mortgagee.
On May 6, 2013, the Hon. Karen L. Suter, P.J.Ch., signed an Order appointing plaintiff Onyx Equities, LLC (“Onyx”) as the rent receiver “to take charge of the” subject property. In reaching her decision to appoint a rent receiver, Judge Suter cited Barclays Bank, P.L.C. v. Davidson Ave. Assocs., Ltd., 274 N.J.Super. 519, 644 A.2d 685 (App.Div.1994). In that case, the Appellate Division noted that a mortgagor’s failure to pay local property taxes is a factor supporting appointment of a rent receiver. Id. at 524, 644 A.2d 685. Judge Suter found, among other factors, that the owners of the subject property had failed to pay local property taxes, thereby placing the mortgagee’s security at risk.
Judge Suter’s Order provides that Onyx is “authorized to institute and carry on all legal proceedings necessary for the protection of the Mortgaged Premises” and to use funds received as rent “at its discretion for the payment of operating expenses” associated with the subject property. Onyx was authorized “from time to time to ... pay taxes ... and otherwise to do all things necessary for the due care and proper management of the” subject property. Finally, the court ordered the property owners to deliver to Onyx “any and all papers and other things affecting the ... operation” of the subject property, including “copies of any and all documents relating to any pending tax appeal____”
On March 21, 2014, the rent receiver filed a Complaint challenging the tax year 2014 assessment on the subject property for local property tax purposes. The caption of the Complaint describes the plaintiff as “NNN Lake Center, LLC by Onyx Equities, LLC, Receiver.” The case information statement attached to the Complaint notes that Onyx is the “RECEIVER” for the subject *87 property. NNN Lake Center, LLC, one of the thirty owners, has a 1.375% interest in the subject property as a tenant in common.
On April 25, 2014, the municipality moved by way of summary judgment to dismiss the Complaint for lack of standing. The municipality argues that the Superior Court Order appointing Onyx as rent receiver does not authorize the receiver to file a tax appeal for the subject property. In addition, defendant argues that the rent receiver is not a “taxpayer ... aggrieved by the assessed valuation of the taxpayer’s property” within the meaning of N.J.S.A. 54:3-21 and may not, therefore, establish jurisdiction in this court to challenge the assessment on the subject property.
On May 21,2014, Onyx opposed defendant’s motion.
The court thereafter heard oral argument from counsel.
II. Conclusions of Law
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c). In Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523, 666 A.2d 146 (1995), our Supreme Court established the standard for summary judgment as follows:
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
“The express import of the Brill decision was to ‘encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.’ ” Township of Howell v. Monmouth County Bd. of Taxation, 18 N.J.Tax 149, 153 (Tax 1999)(quoting Brill, supra, 142 N.J. at 541, 666 A.2d 146). The court concludes that this matter is ripe for decision by summary judgment. There are no material facts in dispute between the *88 parties relevant to the question of plaintiffs standing to challenge the assessment on the subject property.
The “Tax Court is vested with limited jurisdiction” defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546, 951 A.2d 185 (2008)(citing N.J.S.A. 2B:13-2 and Union City Assocs. v. City of Union City, 115 N.J. 17, 23, 556 A.2d 769 (1989)). “‘The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements.’ ” Macleod v. City of Hoboken, 330 N.J.Super. 502, 505, 750 A.2d 152 (App.Div.2000)(quoting F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985)). The statutory scheme establishing this court’s jurisdiction is “one with which continuing strict and unerring compliance must be observed____” McMahon, supra, 195 N.J. at 543, 951 A.2d 185.
This court’s jurisdiction to review assessments on real property is established by N.J.S.A. 54:3-21. The statute provides in relevant part that:
[A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer’s property ... may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, ... file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer or a taxing district may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court.
[N.J.S.A. 54:3-21.]
Compliance with the filing requirement is a necessary predicate to establish jurisdiction in this court for review of an assessment. “Failure to file a timely appeal is a fatal jurisdictional defect.” F.M.C. Stores, supra, 100 N.J. at 425, 495 A.2d 1313. This is true even in the absence of harm to the defendant municipality. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J.Tax 285, 288 (App.Div.1994).
*89 Although N.J.S.A. 54:3-21 refers to a “taxpayer” when defining who may initiate an action in the Tax Court, it is well established that one need not be the owner of the property to challenge the assessment on that property. To have statutory authority to file a Complaint, the plaintiff must, at the time of the filing, have only a sufficient financial interest affected by the challenged assessment.
For example, in Township of Ewing v. Mercer Paper Tube Corp., 8 N.J.Tax 84, 91 (Tax 1985), this court held that “the Legislature intended to include within the class of ‘aggrieved taxpayers,’ given the right to appeal tax assessments, any lessee whose lease covers the full tax year and requires him to pay the full assessment of the taxes levied.” (footnote omitted). This court concluded, however, that
[blecause real estate taxes are a lien against the real estate, N.J.S.A. 54:5-6, and since in addition to a possible reduction there also exists the risk of an increased assessment, F.M.C. Stores, Inc. v. Borough of Morris Plains, 100 N.J. 418, 495 A.2d 1313 (1985); even though the tenant is solely responsible for the taxes, the owner of the real property is a necessary party, therefore any appeal by the sole tenant ... must be instituted in the name of the owner by the tenant as express agent for the owner, or, as co-plaintiff, or, in lieu thereof, the owner must be included as a co-defendant.
[Id. at 91-92.]
See also R. 8:5-3(a)(8)(requiring tenant filing tax appeal to serve a copy of the complaint on the record owner of the property); accord Aperion Enters., Inc. v. Borough of Fair Lawn, 25 N.J.Tax 70 (Tax 2009)(holding that tenant at single-tenant property responsible for paying all local property taxes under lease has standing to control tax appeal despite owner’s previously filed appeal).
In Village Supermarkets, Inc. v. Township of West Orange, 106 N.J. 628, 630-32, 525 A.2d 323 (1987), the Supreme Court effectively affirmed the holding in Mercer Paper Tube and held that in some circumstances a single tenant at a multi-tenanted commercial property is a “taxpayer ... aggrieved by the assessed valuation” of the leased property within the meaning of N.J.S.A. 54:3-21. In that case, an entity that operated a supermarket was the tenant under a lease for a portion of a shopping center. The tenant was required by the lease to pay as additional rent to the *90 landlord all local property taxes due on the portion of the property occupied by the supermarket, as well as an allocated share of the assessment on the common areas of the shopping center. Id. at 629, 525 A.2d 323. The tenant filed appeals with this court challenging the assessment on the entire shopping center for three tax years. Id. at 630, 525 A.2d 323. The landlord moved to intervene to have the three appeals dismissed for want of jurisdiction. Id. at 631, 525 A.2d 323. Although this court granted the motions, the Appellate Division reversed. Ibid.
The Supreme Court allowed the tenant’s tax appeals to proceed. The Court held that N.J.S.A. 54:3-21 “is not an insurmountable bar to the prosecution of an appeal by some net-lease tenants, depending upon their economic circumstances.” Id. at 631-32, 525 A.2d 323. According to Justice O’Hern, who was writing for a unanimous Court, “[t]he most obvious example is the tenant in possession of a free-standing store under a net lease.” Id. at 632, 525 A.2d 323. “In the context of a long-term lease, the landlord has almost no interest in the assessment.” Id. at 632-33, 525 A.2d 323. “At the other end of the spectrum, however, is the tenant in possession of an ice cream stand in a suburban mall. Although such a tenant may have a tax payment or tax surcharge clause in its lease, its interest in the shopping center assessment should not properly be considered one that would confer an independent right to prosecute a tax appeal in its ovm name.” Id. at 633, 525 A.2d 323. As the Court explained, “[t]he question is one of degree, depending upon the relative circumstances of the parties and their economic interests.” Ibid.
Trial courts are to consider several factors before permitting an appeal to be “brought in the owner’s name by the tenant with notice to the owner.” Ibid. Those factors include:
(1) the provisions of the lease itself, its duration, the burden of the tax surcharge on the tenant, and the possibility that the issue can soon be resolved by renegotiation; (2) the tenant’s relationship to the property, whether it is the lead tenant in a shopping center or only one slightly affected by the assessment; (3) whether the tenant will adequately represent the interests of the landlord and other tenants, or whether the tenant has interests adverse to either group; (4) the tenant’s ability to mount and prosecute an effective appeal; (5) the landlord’s overall relationship *91 with the taxing authority, and whether this is but one of multiple properties as to which the landlord may wish to exercise the right to appeal.
[Id. at 634-35, 525 A.2d 323.]
The ability to file an appeal of an assessment has been extended to a mortgagee after a default by the mortgagor. Chemical Bank N.J., N.A. v. City of Absecon, 13 N.J.Tax 1 (Tax 1992). Noting that “the mortgagee has a substantial interest in the property, and ... many of the attributes of an owner upon the happening of any event of default,” the court held that “there is no justifiable reason for prohibiting a mortgagee, whose mortgage is in default, who has paid the real estate taxes, and who seeks to protect its security, from pursuing an appeal of the local property tax assessment on the mortgaged premises.” Id. at 11. Key to the court’s analysis were the common law’s creation by the mortgage of “an immediate estate in fee simple in the mortgagee subject to defea-sance by the payment of the mortgage debt,” id. at 8 (citing Boteler v. Leber, 112 N.J. Eq. 441, 164 A. 572 (Ch.1933)), and the mortgage instrument in that case, which vested in the mortgagee significant interests in the property. Id. at 11. As is the case in other, similar contexts, the court required that the entity filing the appeal of the assessment provide notice to the property owner. Id. at 13-14.
In City of Northfield v. Zell, 12 N.J.Tax 180 (Tax 1991), Judge Lario held that the purchaser of a tax sale certificate was not an aggrieved taxpayer within the meaning of N.J.S.A. 54:3-21. Although the purchaser paid taxes on the relevant property for several years after issuance of the tax sale certificate, the court concluded that she held only an “inchoate right or interest in the property” subject to a right of redemption, which the court determined was insufficient to satisfy the jurisdictional prerequisites of N.J.S.A. 54:3-21. Id. at 184. In addition, the court noted an absence of a statutory grant of authority to a tax sale certificate holder to file an appeal, id. at 185, and a similar absence of a statutory requirement that the certificate holder pay taxes on the relevant property after issuance of the certificate. Id. at 186.
In Lato v. Township of Rockaway, 16 N.J.Tax 355 (Tax 1997), Judge Kuskin disagreed with Judge Lario’s holding in Zell and *92 held that the holder of a tax sale certificate who had paid taxes on the subject property subsequent to issuance of the certificate and who initiated foreclosure proceedings has an implied right to file an appeal of the assessment on the property. Judge Kuskin found the certificate holder in these circumstances to have a “significant and substantial property interest equal to, and in some respects greater than, the property interest of a mortgagee or tenant” sufficient to constitute a “taxpayer” under N.J.S.A. 54:3-21. Id. at 366 (citing Township of Jefferson v. Block 447A, Lot 10, 228 N.J.Super. 1, 5, 548 A.2d 521 (App.Div.1988)) (holding that a tax sale certificate vests “a property interest protected by the requirements of due process.”). Of particular importance to the court was the fact that the certificate holder likely would be compelled to pay all taxes on the property in order to satisfy the statutory requirement that all taxes be current before the certificate holder could foreclose the right of redemption. Id. at 366. The court required that the certificate holder provide notice to the property owner of the filing of the appeal. Id. at 368.
The meaning of N.J.S.A. 54:3-21 was also examined in Mobil Admin. Serv. Co. v. Township of Mansfield, 15 N.J.Tax 583 (Tax 1996), aff'd, 17 N.J.Tax 509 (App.Div.1997). In June 1995, Mobil filed an appeal with this court challenging the 1995 assessment on property it owned in Mansfield Township. Approximately two months later, in August 1995, while the appeal was pending, Mobil sold the property to Zeta Consumers Products Coiporation (“Zeta”). Zeta subsequently moved to intervene in the pending appeal, arguing that it was responsible for the payment of taxes on the property for the portion of 1995 following the purchase. Id. at 587-88. Judge Kuskin denied the motion, based on his conclusion that Zeta was not a taxpayer aggrieved by the assessment within the meaning N.J.S.A. 54:3-21 at the time the Complaint was filed. Id. at 588. According to the court, as of the filing deadline for 1995, Zeta “had no interest in the subject property and no obligation to pay property taxes assessed to the property.” Ibid.; see also Pogostin v. Leighton, 216 N.J.Super. 363, 523 A.2d 1078 (App. Div.)(holding that shareholder who purchased stock after date of merger lacks standing to challenge merger because he had *93 lacked property interest at time of transaction he sought to challenge), certif. denied, 108 N.J. 583, 531 A.2d 1356, cert. denied, 484 U.S. 964, 108 S.Ct. 454, 98 L.Ed.2d 394 (1987). Thus, the court concluded, Zeta could not intervene in an action in which it lacked statutory authority to challenge the assessment.
Finally, in Slater v. Township of Holmdel, 20 N.J.Tax 8 (Tax 2002), Judge Bianco held that a husband, who resides with his wife in the marital home owned by his wife alone, is a taxpayer within the meaning of N.J.S.A. 54:3-21 with the authority to file an appeal challenging the assessment on the residence. The court held that the non-owner husband had a sufficient financial interest in the subject property under N.J.S.A. 54:3-21 because of his statutory rights to remain in the marital home, regardless of who holds title, see N.J.S.A. 3B:28-3 and Pilone v. Blanda, 226 N.J.Super. 397, 402, 544 A.2d 439 (Ch.Div.1988), and his common law liability for the necessary expenses of his spouse, see Jersey Shore Medical Center v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980), including, presumably, the expenses of maintaining her home. Slater, supra, 20 N.J.Tax at 13-14.
Applying these precedents to the facts here leads to the conclusion that Onyx had a sufficient interest in the validity of the assessment on the subject property to qualify as a “taxpayer” within the meaning of N.J.S.A. 54:3-21 at the time that the Complaint was filed.
As the Appellate Division explained, the “authority to appoint a rent receiver is purely contractual, normally arising from the provisions of a mortgage or other loan documents; its purpose is to protect the mortgagee’s interests by imposing a court-supervised, disinterested person to collect the rents and pay expenses pending the ultimate disposition of the mortgaged premises.” Kaufman v. 53 Duncan Investors, L.P., 368 N.J.Super. 501, 506, 847 A.2d 35 (App.Div.2004). The mortgagee’s interest in maintaining income-producing property embraces an interest in minimizing expenses, including local property taxes. This proposition is recognized in Chemical Bank, supra, where the court held that a mortgagee whose mortgage is in default and has filed a *94 foreclosure action has standing to file an appeal of the assessment on the property that secures the mortgage.
Here, the mortgagee of the subject property filed a foreclosure action after a default and sought, pursuant to its contract with the owners, the appointment of a rent receiver to protect its security in the property during the pendency of the foreclosure action. The mortgagee has, in effect, entrusted the rent receiver to collect rent, pay expenses and maximize the financial productivity of the income-producing property. That delegation of authority to Onyx would include the mortgagee’s right to file an appeal of the assessment on the property. There is nothing in the Superior Court Order limiting the ability of Onyx prudently to maintain and operate the property in the interest of the mortgagee.
Moreover, while it is true that Onyx does not have a property interest in the subject property, it does have a fiduciary obligation to protect the security of the mortgagee in the subject property. Arguably, that fiduciary obligation requires Onyx to file a tax appeal when doing so would be warranted by the exercise of reasonable business judgment.
In addition, contrary to the municipality’s argument, the Superi- or Court Order appointing Onyx as rent receiver authorizes Onyx to do more than collect rent on behalf of the mortgagee. Judge Suter authorized Onyx to pay all expenses associated with the operation of the subject property, including the express authorization to pay taxes. In addition, the Order authorizes Onyx “to do all things necessary for the due care and proper management of the” subject property and “to institute and carry on all legal proceedings necessary for the protection” of the subject property. It is readily apparent that the court intended to include the filing of a tax appeal within that grant of authority, given that the owners of the property were directed to turn over to Onyx “copies of any and all documents relating to any pending tax appeal” for the subject property. It would make little sense for the court to require that Onyx be apprised of pending tax appeals but not to authorize Onyx to institute new tax appeal proceedings, which must be filed yearly, after its appointment as rent receiver. See *95 Aperion, supra, 25 N.J.Tax at 86 (noting that local property tax assessments are set yearly); N.J.S.A. 54:4-23.
Onyx is itself not liable for the taxes on the subject property. It is, however, charged with the authority to ensure that the taxes are paid and to do all that it reasonably can, including filing a tax appeal when warranted, to operate prudently the income-producing property over which it has fiduciary responsibilities. The court is convinced that Onyx had a sufficient stake in the proper assessment of the subject property to initiate its challenge in the name of the property owner to the 2014 tax assessment. Defendant’s motion, therefore, is denied. The court notes that there is nothing in the motion record suggesting that Onyx would be unable effectively to prosecute its appeal or that the owners of the property or the mortgagee in foreclosure object to Onyx having filed the appeal.[1]
The court is cognizant of the municipality’s contention that Onyx is not authorized by Judge Suter’s Order to receive a refund of taxes should this court reduce the assessment on the subject property. Should the need arise, Onyx can return to the Superior Court to clarify its authority in this regard. In addition, as Judge Rimm held in Chemical Bank, supra, “in the event of any dispute among the interested parties as to the disposition of tax dollars in the event of a change in the assessment one way or another as a result of this litigation [the court] can enter an appropriate order which would protect the rights of all such parties.” 13 N.J.Tax at 13 (citing Freehold Office Park, Ltd. v. Township of Freehold, 12 N.J.Tax 433 (Tax 1992)).

ln light of the court’s determination that Onyx had standing to file its Complaint, the court need not address the municipality’s contention that NNN Lake Center, LLC, as the owner of a 1.375% interest in the property as a tenant in common, lacks a sufficient interest in the property to file a tax appeal. Nor does the court need to address the question of whether the other twenty-nine owners of the subject property and/or the mortgagee should have been named in, or served with, the Complaint. The owners of the property have defaulted on their promissory note, giving the mortgagee possession and control of the property. The mortgagee consented to Onyx having authority to operate the property. Given these circumstances, the court is satisfied that Onyx may act alone to prosecute the appeal.