9 N.J. Super. 522 (1950)
75 A.2d 748
VINCENT, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
IRVING LAMBEK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 14, 1950.
*523 Messrs. Sandles & Sandles (Mr. Lester Sandles appearing), attorneys for the plaintiff.
Mr. Louis H. Hollander, attorney for the defendant.
STEIN, J.S.C.
The complaint in this cause is one for specific performance of a contract entered into between the *524 plaintiff and the defendant for the sale of real property in the City of Newark.
Before the court is the motion of the plaintiff to strike the defendant's answer and for summary judgment. The matter presents no dispute as to the facts. The issue to be resolved is exclusively one of law.
In 1926 the City of Newark became the purchaser of a tax sale certificate affecting the premises in question at a tax sale for taxes accrued in a sum in excess of $1,400. At that time there existed R.S. 54:5-79 which provided that the title of a purchaser at a tax sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of sale, "unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by proceedings in equity and record the evidence thereof, as provided in this chapter."
In 1942 while the tax certificate continued to remain in the control and possession of the City of Newark from the time of its purchase in 1926, the Legislature enacted P.L. 1942, c. 73, p. 315, amending R.S. 54:5-79 to read as follows: "The title of a purchaser other than a municipality at a sale shall cease and determine and the certificate of sale shall be void at the expiration of twenty years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by proceedings in equity and record the evidence thereof, as provided in this chapter." (Italics mine).
"This act shall extend to all present, existing tax certificates held by a municipality whose terms have not expired."
The 1942 amendment became effective May 2, 1942, and by express language indicates a legislative intention that the amendment operate retroactively as well as prospectively with respect to tax certificates which were at the time of the adoption of the amendment held by municipalities where the 20-year terms of the certificates had not yet expired.
*525 On March 11, 1948, more than 20 years after the tax sale of 1926, the City of Newark sold the tax certificate to Leonard Ferragina, predecessor in title of the plaintiff. In 1949 Ferragina conducted a tax foreclosure proceeding in this court. All parties in interest were made parties to the foreclosure proceeding by personal service and all such defendants defaulted, as a result of which on February 17, 1950, final judgment was rendered in favor of the plaintiff's predecessor in title which was recorded March 2, 1950, in the Register's office of Essex County. On June 7, 1950, plaintiff entered into the contract of sale with the defendant which is the subject matter of this suit.
The questions which present themselves are whether R.S. 54:5-79 as amended by P.L. 1942, c. 73, p. 315, pertains to remedy or substantive right? If it pertains to remedy, is there a vested right in such remedy? Is there such right vested in the defaulting owner or those claiming under him as to forbid a change in the remedy available to the taxing authority? Can the Legislature extend or remove the statute of limitations when no vested rights are thereby disturbed?
It seems to me obvious that the Legislature intended the provisions in the statute to operate as a limitation both in respect of foreclosure and redemption, for the act also limits the time within which the owner might redeem, and that therefore the statute concerns itself solely with procedure and enlarges the time not alone within which redemption may be cut off but also the time within which such right of redemption may be exercised. In either aspect the legislation in question deals not with the right but rather with the procedure to enforce that right.
The defendant contends that when the sale was held on June 28, 1926, the owner of the fee had the right to expect under the then existing law that unless the purchaser took actual possession or foreclosed the certificate by notice or by proceedings in equity that the title granted by the certificate would cease and determine on June 28, 1946, and that this *526 right granted by statute became vested in the tax-defaulting owner and became constitutionally protected against change.
In City of Newark v. Yeskel, 5 N.J. 313; affirming 6 N.J. Super, 434, 69 A.2d 355, Justice Burling speaking for the Supreme Court said:
"The next problem to be considered relates to the question of whether the challenged act is constitutional insofar as tax lien certificates created prior to its adoption are sought to be affected. Our answer is in the affirmative. In Rodgers v. Cressman, 98 N.J. Eq. 209 (Ch. 1925), a case which has been often cited and followed by our courts, it was decided that a statute which takes away, reduces the time for, or otherwise impairs the vested right of redemption is unconstitutional, and that the rights of a private person purchasing at a tax sale are governed, as to the owner's right of redemption, by the law in force at the time of the sale. See also Harrington Co. v. Jones, 104 N.J. Eq. 377 (Ch. 1929); affirmed, 106 N.J. Eq. 280 (E. & A. 1930); Harrington Co. v. Chopke, 110 N.J. Eq. 574 (E. & A. 1932). In Nelson v. Naumowicz, 1 N.J. 300 (1949), this court, citing Rodgers v. Cressman, supra, said that the rights and liabilities under tax sale proceedings rest upon statute and particularly as to the owner's right to redeem against private persons holding the tax sale certificates upon the law in force at the time of the sale. The restriction of the applicable law at the time of the tax sale to the rights of private persons holding the tax sale certificates was advisedly stated by the court in Rodgers v. Cressman, supra; the authority cited by the court for the statement in that case was 12 C.J., Const. Law, par. 524, p. 966. The same authority, however, says: `But in the case of land purchased by the state for the nonpayment of taxes, the time allowed the owner to redeem may be extended by a subsequent statute as no vested rights of private persons are impaired thereby.' Be that as it may, it is clear that no vested right of redemption is taken away, reduced or otherwise impaired by the challenged act. The right of redemption is preserved but the remedy for the enforcement of the tax collection is changed. It has been aptly said that there is no vested right in a mode of procedure and a delinquent taxpayer has no vested right in any existing mode of tax collection. In League v. Texas, 184 U.S. 156, 46 L.Ed. 478 (1902), the court said:
"`That a state may adopt new remedies for the collection of taxes, and apply those remedies to taxes already delinquent, without any violation of the Federal Constitution, is not a matter of doubt. A delinquent taxpayer has no vested right in an existing mode of collecting taxes. There is no contract between him and the state that the latter will not vary the mode of collection. Indeed, generally speaking, a party has no vested right in a mere matter of remedy; that is subject to legislative change. And a new remedy may be resorted to unless in some of its special provisions a constitutional *527 right of the debtor or obligor is infringed. "There is no vested right in a mode of procedure. Each succeeding legislature may establish a different one, providing only that in each are preserved the essential elements of protection."'
"See also Cota v. McDermott, supra, 73 N.D. 459 (16 N.W. 2d 54, 155 A.L.R. 1271). See also Shade v. Colgate, 3 N.J. 91 (1949)."
The time limitation of 20 years within which to foreclose or take possession under a tax sale certificate is a matter which pertains to the remedy and procedure involved in the collection of taxes. Extending the time within which this may be done does not impair or destroy the rights of an owner in fee where his right to redemption is maintained unreduced and unimpaired. The Legislature may extend the statute of limitations prior to the falling of the bar created by the statute and may even wholly suspend the statute of limitations before its provisions have by efflux of time ripened into a presently existing defense.
It is argued for the defendant that although under the 1942 amendment here involved the municipality itself holding the tax certificate of sale is not required to take possession or foreclose the right of redemption within the stated period of 20 years, yet such exemption ceases to be available to one purchasing the tax certificate from the original holder thereof, the municipality itself. Such contention is untenable. The language of the amendment does not admit of the point pressed. The vitiating force of the statute, as amended, is in the clearest words confined to tax sale certificates held in the first instance by private purchasers, as distinguished from municipalities purchasing at tax sales. The test of the applicability of the requirement for the stated action within 20 years is whether the municipality or a private person makes the tax purchase and obtains the initial document of title, the tax certificate. If the former, then the exemption furnished by the amendment attaches to the tax certificate itself and follows it into the hands of subsequent assignees, else the municipality would be effectively prevented from selling the tax certificate after the expiration of the 20-year period. No person would purchase that which by the very *528 act of transfer would become void and unenforceable. The legislative intent was rather to broaden the municipality's opportunity to realize on the certificate than to limit and curtail that opportunity. The construction the court gives to the amendment finds additional support in the statutory language that the entry into possession or the action by foreclosure, if taken within the limited period, must be so taken by "the purchaser, his heirs or assigns." This can only mean the original private tax purchaser or his heirs or his assigns.
The motion is granted and summary judgment in favor of the plaintiff will be entered.