38 N.J. Super. 451 (1955)
119 A.2d 784
FRANK L. IORIO AND MARY A. IORIO, HIS WIFE, PLAINTIFFS,
v.
HENRY ROTHENBACH, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 21, 1955.
*452 Mr. John J. Deeney, attorney for plaintiffs.
Mr. Felix M. Angelillis, attorney for defendant.
GRIMSHAW, J.S.C.
Plaintiffs sue for the cancellation of a contract for the sale of real property. Charging that defendant's title is unmarketable, plaintiffs seek the return of their deposit and damages of $221.26 representing the cost of an examination of the title to the premises. Defendant, asserting his willingness to convey the property in accordance with terms of the contract insists that the title is marketable.
The undisputed facts are as follows:
On July 24, 1954, by written contract of that date, the plaintiffs agreed to purchase from the defendant lots 160 to 164, both inclusive, in Block 97 as shown on the assessment map of the Borough of Emerson. Lots 162, 163 and 164 in Block 97 were conveyed to the defendant by the Borough of Emerson by deed dated December 9, 1947.
On February 8, 1919 the Borough of Emerson had purchased a tax certificate covering lots 162, 163 and 164 in Block 97. On July 30, 1943 the borough filed a bill to foreclose the tax certificate. A final decree was entered on November 22, 1943.
At the time of the tax sale the pertinent statute was as follows:
"The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of twenty years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by proceedings in equity and record the evidence thereof, as provided in this chapter." R.S. 54:5-79.
*453 Under the provisions of that section of the statute the title of the Borough of Emerson to lots 162, 163 and 164 in Block 97, acquired at the tax sale of February 8, 1919, ceased, and the right to foreclose the right of redemption became barred on February 8, 1939.
In 1942 the Legislature amended R.S. 54:5-79 to read as follows:
"The title of a purchaser other than a municipality at a sale shall cease and determine and the certificate of sale shall be void at the expiration of twenty years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by proceedings in equity and record the evidence thereof, as provided in this chapter.
This act shall extend to all present, existing tax certificates held by a municipality whose terms have not expired."
But as Judge Stein pointed out in Vincent, Inc., v. Lambek, 9 N.J. Super. 522 (Ch. Div. 1950):
"The 1942 amendment became effective May 2, 1942, and by express language indicates a legislative intention that the amendment operate retroactively as well as prospectively with respect to tax certificates which were at the time of the adoption of the amendment held by municipalities where the 20-year terms of the certificates had not yet expired."
It is not contended that the municipality entered into possession of the lands or took any other steps to exercise its rights prior to the filing of the bill to foreclose the certificate on July 30, 1943. The right to foreclose had been barred on February 8, 1939 and the amendment to the statute did not serve to revive that right.
In my opinion the foreclosure proceeding was ineffective and the title is unmarketable. Kimberly Realty Co. v. Douglass, 118 N.J. Eq. 570 (Ch. 1935).
Nor does the validating act, L. 1955, c. 177, aid the defendant. The act became effective July 28, 1955. Under its provisions any person seeking to redeem may commence an action for redemption within one year thereafter.
Judgment for plaintiff.