126 N.J. Super. 438 (1974)
315 A.2d 51
EARL PRICKETT, PLAINTIFF-APPELLANT,
v.
MATILDA ALLARD, THE ISSUES OF MATILDA ALLARD NOW OR HEREAFTER BORN DURING THE LIFETIME OF MATILDA ALLARD, THEIR HEIRS, DEVISEES, PERSONAL REPRESENTATIVES AND THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT TITLE AND INTEREST; THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 1974.
Decided February 4, 1974.
*439 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Messrs. Valentine and Seltzer, attorneys for appellant (Mr. George L. Seltzer, on the brief).
Respondents did not file briefs.
PER CURIAM.
Plaintiff appeals from a judgment dismissing his action to foreclose the equity of redemption in a tax sale certificate. On December 11, 1943 the Township of Egg Harbor sold the lands in question for unpaid taxes and issued a tax sale certificate to the Township of Egg Harbor. The certificate was assigned to plaintiff on September 7, *440 1949. This foreclosure action was instituted pursuant to N.J.S.A. 54:5-85 on April 20, 1972, and default entered against all defendants on January 5, 1973.
When plaintiff sought to obtain an order fixing the amount, time and place of redemption of the tax sale certificate, the standing master refused to execute the order but, instead, entered judgment dismissing the action for failure of plaintiff to institute the foreclosure proceedings within the 20-year period provided for in N.J.S.A. 54:5-79. That statute provides, in pertinent part:
The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term * * * foreclose the right to redeem it by notice or by a civil action in the nature of a proceeding in equity * * *.
Plaintiff contends the judgment of dismissal was improperly entered because the statute of limitations is an affirmative defense and must be pleaded. R. 4:5-4. That contention is correct as a general rule. But where, as here, the bar of the statute of limitations appears on the face of the complaint, it may be asserted as a "failure [of the complaint] to state a claim upon which relief can be granted," R. 4:6-2(e); Rappeport v. Flitcroft, 90 N.J. Super. 578 (App. Div. 1966), and is not waived by defendant's failure to plead it. Since the defendants were in default and the matter was proceeding in an ex parte fashion, the standing master properly raised the issue. In re McCraven, 87 N.J. Eq. 28, 32 (Ch. 1916).
Municipal liens are statutory in origin, and rights arising therefrom are fixed and determined by the statute. Brewer v. Porch, 53 N.J. 167, 173 (1969). When the Legislature creates a right, it may subject the right to limitations in such a manner that the right is to terminate upon the expiration of the limitation. Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 181 (1962). This statute declares *441 the tax sale certificate void unless the right of redemption is foreclosed within the 20-year period. In that respect it differs from a general statute of limitations which can be waived by not pleading it. Plaintiff not having proceeded to perfect his title to the land within the 20-year period, his title to the tax sale certificate is void.
Plaintiff next contends that since the tax sale certificate was owned by the Township of Egg Harbor from December 11, 1943 to September 9, 1949, the 20-year limitation is not applicable and relies upon the following proviso of N.J.S.A. 54:5-79:
* * * however, that this act shall not apply to titles acquired by a municipality under certificates of tax sales purchased and held by it at tax sales conducted therein which titles so acquired and certificates of tax sales are hereby expressly exempted from said limitation period of 20 years. [Emphasis added]
We disagree. This exemption, in plain terms, applies to tax sale certificates purchased by a municipality and held by it. Once the municipality assigns the certificate, the exemption from the 20-year period no longer exists. Plaintiff herein having held the tax sale certificate for over 20 years without perfecting his title to the land, the certificate is void.
Affirmed.