126 N.J. Super. 511 (1974)
315 A.2d 706
DOROTHY GASOREK, PLAINTIFF-APPELLANT,
v.
RUTH GRUBER; THE BOROUGH OF PINE BEACH, NEW JERSEY; STATE OF NEW JERSEY; CHARLES E. FISCHER AND SELMA M. FISCHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1974.
Decided February 8, 1974.
*513 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Barry L. Fisher argued the cause for appellant (Messrs. Ravin & Ravin, attorneys).
Mr. John R. Rutledge, Jr., argued the cause for respondents Borough of Pine Beach and Fischer.
The opinion of the court was delivered by BISCHOFF, J.A.D.
Plaintiff appeals from a judgment of no cause for action. She filed a complaint in Chancery seeking a judgment (a) quieting title in her to certain lands; (b) directing a reconveyance of the lands to her, and (c) in the alternative, seeking damages for losses sustained as a result of alleged wrongful acts of defendants.
*514 The facts are basically undisputed. At a tax sale held December 13, 1930 defendant Borough of Pine Beach acquired title to a certain tax sale certificate identified as No. C-148. This certificate was assigned to plaintiff on January 29, 1949 for $77.64, which sum was "in full payment of all taxes and municipal liens and interest thereon as well as costs of tax sale up to and including the date of" the assignment. The tax sale certificate and assignment thereof were recorded February 3, 1949.
In the assignment the lands are described as Block 33, Lot 25. Plaintiff paid taxes on the land up until 1955. Beginning in 1956 tax bills received by plaintiff were for Block 33, Lot 30. Plaintiff contacted the tax collector in person and by letter over the intervening years, calling attention to the error in the tax bills. The borough assured her the error would be corrected but continued to send her bills for Block 33, Lot 30, and plaintiff continued to make the payment requested in accordance with the tax bills sent to her down to the time of trial.
On December 2, 1957 Block 33, Lot 25 was sold for unpaid taxes, and the tax sale certificate was purchased by the borough. A judgment of foreclosure of the equity of redemption obtained by the borough was entered on July 27, 1960. Both the tax sale and the foreclosure were without notice to plaintiff. On August 18, 1970 the borough sold Block 33, Lot 25 to defendants Fischer.
While at one time the borough offered to give plaintiff Block 33, Lot 30 in exchange for Block 33, Lot 25, she declined the offer. Plaintiff owns land adjoining Lot 25 and it has value to her. Lot 30, being small in size and not adjoining any land owned by her, is of doubtful value to her.
Plaintiff seeks a judgment quieting title to Block 33, Lot 25 in her, contending defendants Fischer have not acquired title to the premises. That allegation is based on the fact that the tax billing by the municipality subsequent to 1955 was void and incorrect, and the contention that the tax sale conducted in 1957 for Lot 25 and the subsequent foreclosure *515 of the tax sale certificate without notice to her were void and did not create a valid title in either the borough or the Fischers.
We proceed first to examine plaintiff's claim of interest in the property in question.
Plaintiff acquired title to the tax sale certificate by assignment on January 29, 1949. A tax sale certificate does not operate to give the purchaser thereof title to the land and does not divest the tax delinquent owners of their title. It merely vests the purchaser of the tax sale certificate with an inchoate right or interest and gives him the right to proceed to foreclose the equity of redemption pursuant to the established statutory scheme. Clark v. Jersey City, 8 N.J. Super. 33, 37 (App. Div. 1950). Municipal liens are statutory in origin and rights arising therefrom are fixed and determined by the statute creating them. Brewer v. Porch, 53 N.J. 167, 173 (1969). One statute regulating the rights of a purchaser of a tax sale certificate is N.J.S.A. 54:5-79 which provides, in part:
The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of the sale, unless the purchaser shall, before the expiration of that term, * * * foreclose the right to redeem it by notice or by a civil action in the nature of a proceeding in equity * * *. [Emphasis added]
Plaintiff took no steps to foreclose the equity of redemption, and more than 20 years has elapsed since she obtained assignment of the tax sale certificate. Thus, it is clear that whatever rights plaintiff had by virtue of the tax sale certificate have expired by the terms of the statute, and the certificate itself is now void.
Defendant borough concedes the situation has created inequities in that it has received over the period of years payment of taxes from plaintiff to which it had no legal right. At oral argument it was suggested for the first time that N.J.S.A. 54:5-114.6 prohibits the municipality from *516 reimbursing plaintiff for the funds paid by her as a result of the municipality's incorrect billing. That statute provides:
In all cases where the purchaser shall fail to foreclose the equity of redemption and record the final judgment within the time specified hereinabove, the moneys paid by the said purchaser to the municipality shall not be refundable to the purchaser nor shall the said moneys be credited by the tax collector to the credit of the owner of the land,
The borough's reliance upon that statute is misplaced. The nature of the right acquired by the purchaser of a tax sale certificate varies with the section under which the tax sale was held. The purchaser of a tax sale certificate under a sale held pursuant to N.J.S.A. 54:5-114.1 et seq. acquires a far more qualified right than one who purchases a certificate at a private sale under N.J.S.A. 54:5-113. Dvorkin v. Dover Tp., 29 N.J. 303, 312 (1959). Plaintiff in this case purchased for the full value of the accrued liens at a sale held pursuant to N.J.S.A. 54:5-113. Therefore, her rights are not circumscribed by the provisions of N.J.S.A. 54:5-114.4, N.J.S.A. 54:5-114.5 or N.J.S.A. 54: 5-114.6. Dvorkin v. Dover Tp., supra.
We accordingly hold that N.J.S.A. 54:5-114.6 is no bar to the municipality correcting the inequities caused by its mistakes.
Defendant borough having offered in open court through its attorney to return to plaintiff the taxes paid by her as a result of its mistaken assessments, this court will direct that such restitution be made without interest. In all other respects the judgment is affirmed. No costs to either party.