899 A.2d 337

MONROE TOWNSHIP MUNICIPAL UTILITIES AUTHORITIES, PLAINTIFF–RESPONDENT, v. CONSOLIDATED APART-MENTS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND THEIR HEIRS, DEVISES, PERSONAL REPRE-SENTATIVES, AND HIS, HER, THEIR AND ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST AND ALL THEIR SUCCESSORS AND ASSIGNS; TOWNSHIP OF MON-ROE, A MUNICIPAL CORPORATION, ITS SUCCESSORS AND ASSIGNS, AND THE STATE OF NEW JERSEY, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted December 13, 2005—Decided June 13, 2006.

Before Judges KESTIN, R.B. COLEMAN and SELTZER.

*Tarella and Liftman*, attorneys for appellant Consolidated Apartments, Inc. (*James A. Tarella*, on the brief).

*Apell & Detrick*, attorneys for respondent Monroe Township Utilities Authorities (*Paul C. Detrick*, on the brief).

The opinion of the court was delivered by

R.B. COLEMAN, J.A.D.

Defendant, Consolidated Apartments, Inc. (Consolidated), appeals from an order denying its motion for summary judgment in a foreclosure proceeding and granting the cross-motion for summary judgment filed by plaintiff, Monroe Township Municipal Utilities Authorities (MTMUA). We affirm.

The parties' statements of material facts disclose that Consolidated acquired title to the subject real property in Monroe Township, Middlesex County, by deed of conveyance dated September 15, 1971. Eleven years later, at a sale of lands for unpaid municipal liens, Monroe Township (the Township) purchased the subject premises in fee simple subject to redemption and it received a certificate of tax sale dated October 15, 1982.[1] That certificate was recorded in the Middlesex County Clerk's Office on July 8, 1994. Nothing of consequence occurred between the date of the tax sale in 1982 and the date of its recordation in 1994.

On July 7, 2003, approximately twenty-one years after its purchase of the tax sale certificate, the Township passed a resolution in accordance with *N.J.S.A.* 54:5–113 to authorize the assignment of the certificate by private sale to MTMUA. Subject to exceptions not relevant in this matter, *N.J.S.A.* 54:5–113 states:

When a municipality has or shall have acquired the title to real estate by reason of its having been struck off and sold to the municipality at a sale for delinquent taxes and assessments, the governing body thereof may by resolution authorize a

---

[1] Consolidated had satisfied an earlier municipal lien reflected in a tax sale certificate, dated October 16, 1973. That tax sale certificate was cancelled of record on February 22, 2005 and is not involved in this appeal.

private sale of the certificate of tax sale therefor, together with subsequent liens thereon, for not less than the amount of liens charged against such real estate[.]

The authorizing resolution was memorialized on August 4, 2003, and MTMUA, an entity separate and distinct from the Township, paid the Township $13,781.80 for the assignment. That sum represented the certificate amount, plus interest, recording fees, subsequent taxes and interest, current taxes and interest through August 5, 2003 and legal fees. After it obtained the certificate, plaintiff paid the property taxes through the first quarter of 2005.[2]

On November 5, 2004, plaintiff filed a complaint in foreclosure naming as defendants Consolidated, the record owner of the property, the Township of Monroe and the State of New Jersey. The complaint alleged that any claims or interests of the named defendants in the subject land and premises were subject to the lien of plaintiff's certificate of sale. Plaintiff, therefore, demanded judgment fixing the amount due on its certificate and requiring payment of that amount due with interest and costs. In default of such payment, plaintiff demanded that defendants and all persons claiming through and under them be debarred and foreclosed from all equity and right of redemption in the property and that possession and title of the property be transferred to plaintiff.

Consolidated answered the complaint and denied that its interest in the premises was subject to plaintiff's certificate of tax sale. Consolidated then moved for summary judgment, asserting that the certificate was void because the right to redeem had not been foreclosed within twenty years after its purchase by the Township. Plaintiff cross-moved for summary judgment. Following the denial of Consolidated's motion and the grant of plaintiff's cross-motion for summary judgment, Consolidated appealed.

The critical issue presented in the cross-motions and in this appeal is whether or not an assignee of a certificate of tax sale

---

2 The Notice of Appeal was filed in this matter on May 24, 2005, and the status of tax payments since the commencement of the appeal is not known. We note, however, that there are no allegations in the record of any tax delinquencies by plaintiff.

from a municipality is precluded from foreclosing the right of redemption where the municipality held the certificate for more than twenty years before assigning it to an assignee. Plaintiff and Consolidated both agree that the resolution of that issue is governed by *N.J.S.A.* 54:5–79, but they disagree as to the import of the language. That section of the tax sale law states:

> The title of a purchaser at a sale shall cease and determine and the certificate of sale except as otherwise provided in this section shall be void at the expiration of 20 years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, foreclose the right to redeem it by notice or by a civil action in the nature of a proceeding in equity and record the evidence thereof as provided in this chapter; provided, however, that this act shall not apply to titles acquired by a municipality under certificates of tax sales purchased and held by it at tax sales conducted therein which titles so acquired and certificates of tax sales are hereby expressly exempted from said limitation period of 20 years. The limitation period of 20 years of this section shall not apply to a title and the certificate of tax sale acquired by a purchaser, his heirs or assigns when that purchaser, his heirs or assigns establish that all property taxes have been paid by him, his heirs or assigns in each year since the purchase of the certificate. [*N.J.S.A.* 54:5–79.]

■ Because the Township held the certificate more than twenty years before assigning it to MTMUA, Consolidated argues that the certificate was void at the time of the assignment and that MTMUA is precluded by statute from foreclosing redemption. We disagree.

Both parties discuss and rely upon *Prickett v. Allard,* 126 *N.J.Super.* 438, 315 *A.*2d 51 (App.Div.) *aff'd,* 66 *N.J.* 6, 326 *A.*2d 688 (1974) and *Gasorek v. Gruber,* 126 *N.J.Super.* 511, 315 *A.*2d 706 (App.Div.1974). Citing *Prickett,* Consolidated contends that the period of time during which the municipality held the tax sale certificate does not extend or toll the twenty-year period for plaintiff to complete an action for foreclosure. *Prickett* does not support that proposition because it was the assignee of the tax sale certificate in that case, not the municipality, that held the certificate for twenty-three years before instituting the foreclosure action. *Prickett, supra,* 126 *N.J.Super.* at 441, 315 *A.*2d 51. Without counting the period when the certificate was held by the municipality, the statutory period of twenty years passed before

the assignee attempted to perfect his title by foreclosing the right of redemption. *Ibid.*

Similarly, in *Gasorek,* the assignee of the tax certificate acquired the lien in 1949 and did not attempt to foreclose the equity of redemption. *Gasorek, supra,* 126 *N.J.Super.* at 515, 315 *A.*2d 706. She filed an action to quiet title more than twenty years after the tax sale certificate had been assigned to her. *Id.* at 514, 315 *A.*2d 706. In the interim, the Borough purchased a subsequent tax sale certificate, foreclosed on it and sold the property to a third party, all without notice to Gasorek. *Ibid.* The court rejected Gasorek's claim to quiet title because her certificate was void after the passage of twenty years. *Id.* at 515, 315 *A.*2d 706.

Unlike the lien holders in both *Prickett* or *Gasorek,* MTMUA filed a timely action for foreclosure, within fifteen months of the assignment from the municipality. Thus, *Prickett* and *Gasorek,* where the assignee held the certificates for more than twenty years without taking any steps to foreclose, are readily distinguishable.

Consolidated, of course, recognizes that factual distinction, but, nevertheless, argues that *Prickett* and *Gasorek* "did not reach the question of when the twenty-year limitations period began[.]" As we read those two opinions, we have no doubt that the limitation periods were measured from the dates of the municipalities' assignments of the tax sale certificates, respectively September 7, 1949, as to *Prickett* and January 29, 1949, as to *Gasorek.* *Prickett, supra,* 126 *N.J.Super.* at 439, 315 *A.*2d 51; *Gasorek, supra,* 126 *N.J.Super.* at 515, 315 *A.*2d 706. But, even if that were not so clear, we are convinced that the motion judge in this case correctly ruled, as a matter of law, that the twenty-year period specified in *N.J.S.A.* 54:5–79 did not begin to run while the certificate was held by the municipality. The statutory exemption applicable to that period was enacted after the decisions in *Prickett* and *Gasorek,* and, therefore, played no role in those decisions. By contrast, that exemption clearly dictates the outcome of this case.

"If the language is plain and clearly reveals the statute's meaning, the court's sole function is to enforce the statute in accordance with the language." *Bunk v. Port Authority of New York and New Jersey*, 144 *N.J.* 176, 194, 676 *A.*2d 118 (1996). As the Supreme Court noted in *DiProspero v. Penn*, 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005), we are to "ascribe to the statutory words their ordinary meaning and significance, . . . and read them in context with related provisions so as to give sense to the legislation as a whole." (internal citations omitted). "We must not so apply literal language of a statute as to lead to conclusions incompatible with the legislative design or which, given the internal sense of the act, create an anomalous, unreasonable or absurd result." *Edward Gray Apts. v. Williams*, 352 *N.J.Super.* 457, 465, 800 *A.*2d 259 (App.Div.2002).

Pursuant to the statute applicable in this case, titles acquired and held by a municipality under certificates of tax sales are expressly exempt from the twenty-year mandate to foreclose. *N.J.S.A.* 54:5–79. In addition, the statute, by express terms, "shall not apply to a title and the certificate of tax sale acquired by a purchaser . . . when that purchaser, his [or her] heirs or assigns establish that all property taxes have been paid by him [or her], his [or her] heirs or assigns, since the purchase of the certificate." *Ibid.*

Consolidated emphasizes that plaintiff is not a municipality and, indeed, plaintiff does not profess to be a municipality. Still, plaintiff's status as a private or non-municipal assignee of the tax sale certificate does not adversely affect its right to foreclose in accordance with the statute. Consolidated contended in its motion for summary judgment, and on this appeal, that the term "sale" in the first sentence of *N.J.S.A.* 54:5–79 should be interpreted as referring only to the original sale to the municipality and not to any assignment from the municipality. Under such a construction, it argues, the certificate of tax sale would have been void before the assignment from the Township to plaintiff because the right of redemption was not foreclosed within twenty years after

the date the Township purchased the certificate. In our view, such a contention places undue focus on a single word, disregards the plain language of the exemption and would bring about an absurd result.

The statute in question is clear and unambiguous. Considered as a whole and in context, it declares that during the period that the municipality is exempt, the twenty-year limitation period within which a non-municipal purchaser or assignee would be required to foreclose the right of redemption of the delinquent owner does not start or is tolled.[3]

"The primary intent of the [Tax Sale Law, *N.J.S.A.* 54:5–1 to –137] is 'to enable governments to realize taxes by returning property to the paying tax rolls without first expending money to foreclose or to bar the equity of redemption.' " *Varsolona v. Breen Capital Services Corp.,* 180 *N.J.* 605, 621, 853 *A.2d* 865 (quoting *Simon v. Deptford Twp.,* 272 *N.J.Super.* 21, 26, 639 *A.2d* 328 (App.Div.) *certif. denied,* 137 *N.J.* 310, 645 *A.2d* 139 (1994)). Titles acquired by municipalities are specifically exempted from the requirement of foreclosure within twenty years. Thus, the "sale" referenced in the first sentence of the statute is logically and sensibly a sale to a non-municipal purchaser at a tax sale. A municipality which requires a tax sale certificate may, itself, foreclose the delinquent owner's right of redemption, but it is not required to foreclose. *See, e.g., Varsolona, supra,* 180 *N.J.* at 618, 853 *A.2d* 865 (noting the wide variety of statutory methods given to a municipality to obtain payment of delinquent taxes). There-fore, the time within which the municipality holds the certificate of tax sale is immaterial to the rights of a subsequent assignee.

---

[3] Indeed, an earlier 1942 version of the statute read: "The title of a purchaser other than a municipality at a sale...." *See, e.g., Vincent, Inc. v. Lambek, 9 N.J.Super.* 522, 75 *A.2d* 748 (Ch.Div.1950) and *Iorio v. Rothenbach,* 38 *N.J.Super.* 451, 119 *A.2d* 784 (Ch.Div.1955) (discussing the 1942 amendment). *See also N.J.S.A.* 54:5–79 (providing the historical and statutory notes) (detailing the deletion in 1954 of "other than a municipality" and the addition of the proviso exempting titles held by municipalities).

The trial court properly concluded that plaintiff was not barred by the twenty-year limitations period because it fell within the exception created by the 1987 amendment to *N.J.S.A.* 54:5–79 that provides that the limitations period does not apply when "all property taxes have been paid by [a purchaser], his [or her] heirs or assigns in each year since the purchase of the certificate." Since plaintiff had paid all taxes due after its purchase, it was entitled to the twenty-year limitation imposed by *N.J.S.A.* 54:5–79 beginning when it acquired the certificate.

Upon assignment of the tax sale certificate by a municipality, the twenty-year provision begins to run, but only if the purchaser or assignee fails to pay the property taxes when due. Otherwise, from the date of assignment and for so long as all property taxes are paid in each succeeding year, the obligation to foreclosure in order to avoid a lapse under the twenty-year limitation of the statute does not apply. Since, so far as the record discloses, plaintiff paid the taxes in this case, the twenty-year limitation period is immaterial. The motion judge correctly held that the certificate is not void and that plaintiff's action to foreclose was timely and proper.

Affirmed.