**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1797-17T3

BRIAN BONET,

    Plaintiff-Appellant,

v.

DR. HARRY MONDESTEN, M.D.,
and DR. PASUPULETI, M.D., of
Helene Fuld Medical Center,

    Defendants-Respondents.

_____

Argued December 17, 2018 – Decided  January 2, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0019-16.

Kendall S. Murphy argued the cause for appellant.

Ethan M. Simon argued the cause for respondent Dr. Mondesten, M.D. (Blank Rome, LLP, attorneys; Adrienne C. Rogove and Elaine D. Solomon, of counsel; Adrienne C. Rogove and Ethan M. Simon, on the brief).

Donald Grasso argued the cause for respondent Dr. Pasupuleti, M.D. (Orlovsky, Moody, Schaaff, Conlon & Gabrysiak, attorneys; Donald Grasso, of counsel; Allison A. Krilla, on the brief).

PER CURIAM

Plaintiff appeals from the Law Division's orders dismissing his complaint against defendants for medical malpractice resulting in injuries he allegedly sustained at birth. We affirm.

According to the complaint he filed on January 4, 2016, plaintiff was born in a hospital on January 4, 1995. He alleges that, on that date, defendants performed a surgical procedure during his birth and failed to provide "good and reasonable surgical care" to him. "As a direct and proximate result of defendant[s'] failure to exercise the skill, knowledge, and expertise required by [their] profession," plaintiff claimed defendants "caused [him] to suffer severe pain and injury during the birth in which the [d]efendants were involved, which has subsequently plagued him for his entire life as a juvenile."

At the time of plaintiff's birth on January 4, 1995, N.J.S.A. 2A:14-2 provided that medical malpractice actions had to "be commenced within two years next after the cause of any such action shall have accrued." However, well-established case law made clear that the statute of limitations on a personal injury claim by a minor was tolled until the minor reached the age of majority,

in this case eighteen.  See, e.g., Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 598 (1992).[1]  Thus, plaintiff had the right to bring a malpractice action against defendants for the injuries he allegedly sustained at the time of his birth until January 4, 2015, which was two years after he reached age eighteen on January 4, 2013.  However, plaintiff did not file his complaint against defendants until January 4, 2016, one year after the expiration of the governing statute of limitations.[2]

Because the bar of the statute of limitations was clear on the face of plaintiff's complaint, defendants filed motions to dismiss the matter on this ground[3] and, after oral argument, the trial judge granted both motions and

---

[1]  On June 7, 2004, the Legislature amended N.J.S.A. 2A:14-2 to provide that "an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday."  See L. 2004, c. 17, § 3.  However, this provision did not become effective until July 7, 2004.  L. 2004, c. 17, § 33.  The parties agree that this revised statute of limitations does not apply under the factual circumstances presented in this case.

[2]  After he filed his complaint, plaintiff did not serve it upon defendants and, as a result, it was administratively dismissed.  After plaintiff finally served defendants with the complaint on July 20, 2017, eighteen months after he filed it, plaintiff successfully moved to reinstate the complaint.

[3]  On appeal, plaintiff alleges that one of the defendants "violated the rules by filing a motion to dismiss after previously filing an answer."  This argument is without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

A-1797-17T3

dismissed plaintiff's complaint with prejudice. The judge found that plaintiff claimed in his complaint that his injuries occurred on January 4, 1995, the date of his birth. He also asserted that the injuries occurred as the result of defendants' negligence and had "plagued him" since then. Therefore, the judge concluded that the statute of limitations clearly expired on January 4, 2015, two years after plaintiff reached the age of majority, and one year before he filed his complaint.

In so ruling, the judge rejected the assertion made by plaintiff's attorney at oral argument that the "discovery rule" might apply to toll the running of the statute of limitations. When the judge asked the attorney whether there was "anything in the motion record to say this was what happened[,]" the attorney replied there was not. Because plaintiff clearly failed to present any factual basis to support his claim, the judge ruled that the statute of limitations had not been tolled by the discovery rule and, instead, expired one year before plaintiff filed his complaint. This appeal followed.

On appeal, plaintiff contends that the trial judge's "grant of the motions to dismiss was in error because the [c]omplaint does not aver undisputed facts demonstrating the date of the accrual of the statute of limitations." We disagree.

A-1797-17T3

In reviewing a Rule 4:6-2(e) dismissal, we employ the same standard as that applied by the trial court. Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). Our review is limited to the "legal sufficiency of the facts alleged in the complaint." Id. at 482. We "assume the facts as asserted by plaintiff are true[,]" and we give the plaintiff "the benefit of all inferences that may be drawn[.]" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

However, when a complaint fails to make "the necessary factual allegations and claims for relief[,]" the pleading must be deemed inadequate. Miltz v. Borroughs-Shelving, 203 N.J. Super. 451, 458 (App. Div. 1985). The resulting motion to dismiss for failure to state a claim "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiff['s] claim must be apparent from the complaint itself." Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003).

Based on our indulgent reading of plaintiff's complaint, we are satisfied that it was properly dismissed by the trial judge. On its face, the complaint states that defendants injured plaintiff through their negligence during a surgical procedure they performed on January 4, 1995. The complaint further states that

plaintiff was "plagued" by these injuries "for his entire life as a juvenile." Thus, the complaint states that plaintiff was fully aware of his injury and the cause of his injury while he was a minor. Accordingly, plaintiff had until January 4, 2015, two years after he reached the age of eighteen, to file his complaint. However, he did not do so until January 4, 2016. "[W]here, as here, the bar of the statute of limitations appear[ed] on the face of the complaint," the judge properly granted defendants' motions to dismiss for failure to state a claim under R. 4:6-2(e). Prickett v. Allard, 126 N.J. Super. 438, 440 (App. Div. 1974).

As he did in the Law Division, plaintiff again suggests that the discovery rule may have tolled the running of the statute of limitations because he might not have known that defendants were responsible for causing his injuries until sometime after he reached the age of eighteen. This argument plainly lacks merit. R. 2:11-3(e)(1)(E).

"Ordinarily, a cause of action accrues on the date upon which a wrongful act or omission producing the harm occurs." J.P. v. Smith, 444 N.J. Super. 507, 525 (App. Div. 2016) (citing Beauchamp v. Amedio, 164 N.J. 111, 116 (2000)). Thus, the statute of limitations "begins to run from the time of that wrongful conduct." Ibid. In some cases, however, courts have held that the statute of limitations should not begin to run "until the injured party discovers, or by an

exercise of reasonable diligence and intelligence should have discovered[,] that he [or she] may have a basis for an actionable claim." Id. at 526 (alterations in original) (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)).

Under the discovery rule, a cause of action accrues when "the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another." Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001). Thus, the accrual date, and the resultant computation of the time limit, begins when a plaintiff knows or should know of the essential facts to advance a cause of action. Baird v. Am. Med. Optics, 155 N.J. 54, 68 (1998) (noting that the time limit begins to run when the injured party has actual or constructive knowledge of the material "facts indicating that [he or] she has been injured through the fault of another, not when a lawyer advises [him or] her that the facts give rise to a legal cause of action"). A plaintiff does not need to know the legal effect or "specific basis for legal liability" for a claim to accrue once the material facts of the case are known. Caravaggio, 166 N.J. at 246.

In order for a trial court to consider whether the discovery rule might apply in a particular case, however, the plaintiff must adequately plead it. This is so because the burden of specifically pleading facts in the complaint showing the date plaintiff reasonably could have learned of the injury rests upon the plaintiff.

See R. 4:5-2 (stating that the complaint must "contain a statement of the facts on which the claim is based, showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the pleader claims entitlement").

Here, plaintiff's complaint does not contain any allegations concerning the date he reasonably could have learned of the wrongful cause of his alleged injuries if, in fact, he did not accrue this knowledge prior to reaching the age of eighteen. Plaintiff does not allege that he lacked knowledge that defendants caused his injuries prior to January 4, 2013, or that he failed to make any causal connection between the "severe pain and injury" he sustained "during [his] birth" and which "subsequently plagued him for his entire life as a juvenile[,]" and the surgery defendants performed on that date.

When pressed by the trial judge for this information, plaintiff's attorney candidly conceded that he could not provide it. The attorney did not supply a certification from plaintiff to support the claim that the discovery rule tolled the running of the statute of limitations, nor did plaintiff seek leave to file an amended complaint to properly raise this issue.

Contrary to plaintiff's contention, the judge was not required to conduct a hearing on the merits of defendants' statute of limitations defense because such a hearing is only needed "when the facts concerning the date of the discovery

[by plaintiff of his cause of action] are in dispute." <u>Hill v. N.J. Dep't of Human Servs.</u>, 204 N.J. 320, 336 n.6 (2010) (citing <u>Dunn v. Borough of Mountainside</u>, 301 N.J. Super. 262, 274 (App. Div. 1997)). That was clearly not the case here. As noted above, plaintiff's complaint plainly stated that defendants caused him to "suffer severe pain and injury during [his] birth" and that this injury "has subsequently plagued him for his entire life as a juvenile." Therefore, the trial judge properly rejected plaintiff's unsupported argument that the statute of limitations should have been tolled by the discovery rule.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1797-17T3